Hernandez v. SOT









NUMBER 13-01-00839-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



DANIEL HERNANDEZ, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 


On appeal from the 275th District Court of Hidalgo County, Texas.

 



MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Hinojosa


 Pursuant to a plea agreement, appellant, Daniel Hernandez, pleaded guilty on April 15, 1998, to aggravated assault. The
trial court found him guilty and assessed his punishment at five years imprisonment and a $400.00 fine. The trial court
suspended appellant's prison sentence and placed him on community supervision for five years. 

 As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.4.

 On April 20, 2001, the State moved to revoke appellant's community supervision. The State alleged that appellant had:

 


 Committed the subsequent criminal offense of aggravated assault on or about March 8, 2001, in Hidalgo County, Texas;
 
 Not paid the monthly fee as ordered and [was] delinquent in the sum of $525.00;


 


 Failed to report to [his] supervision officer on March, April, May, June, July, August, September, October, November,
and December, 2000, [and] January, February, and March, 2001;


 


 Not paid the fine as ordered and [was] delinquent in the sum of $350.00;


 


 Not paid court-appointed-counsel fees as ordered and [was] delinquent in the sum of $250.00; [and]


 


 Not paid court costs as ordered and [was] delinquent in the sum of $266.25.


 Appellant pleaded "not true" to the State's allegations. After hearing the motion and the evidence presented, the trial court
found all six allegations to be true. After finding that appellant had violated the terms and conditions of his community
supervision, the trial court revoked appellant's community supervision and ordered that appellant be confined in the
Institutional Division of the Texas Department of Criminal Justice for a term of five years.

 Appellant's attorney has filed a brief in which he states that he has reviewed the clerk's record and reporter's record and
concludes that appellant's appeal is frivolous and without merit. See Anders v. California, 386 U.S. 738, 744 (1967). The
brief meets the requirements of Anders as it presents a professional evaluation showing why there are no arguable grounds
for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In the brief, appellant's
counsel states that he has informed appellant of his right to review the appellate record and to file a pro se brief. No such
brief has been filed. 

 Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the
appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal. We agree with
appellant's counsel that the appeal is wholly frivolous and without merit.

 The trial court's revocation order is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. See Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

15th day of May, 2003.